

**Justin S. Nematzadeh, Esq.**
Founder & Managing Member
101 Avenue of the Americas, Suite 909
New York, NY 10013
**Email:** jsn@nematlawyers.com
**Office:** (646) 799-6729
**Mobile:** (917) 836-3974

April 4, 2025

**VIA ECF & EMAIL**
Aliette D. Rodz, arodz@shutts.com
Counsel for Aerolinea del Estado Mexicano, S.A. de C.V.

*Re:  SAT Aero Holdings, Inc. v. Aerolinea del Estado Mexicano, S.A. de C.V.*,
   No. 1:24-cv-02300-VM (S.D.N.Y.); Pre-Motion to Dismiss Letter to Defendant

Dear Ms. Rodz:

Pursuant to the Court's Individual Practice Rules, Section II.B., we write to identify certain pleading deficiencies in Defendant's first and third counterclaims for fraudulent inducement and conversion.  *See* Answer and Counterclaims (ECF 16) ("A&C").  Defendant's intended motion to dismiss will show that the counterclaims: (a) violate the long-standing proscription against dressing up a contract claim as a fraud claim merely by asserting that the counterparty never intended to perform its contract obligations; and (b) fail to plead fraud with particularity under F.R.C.P. 9(b).  Should Defendant fail to rectify its pleading deficiencies, Plaintiff will move to dismiss Defendant's first and third counterclaims.

## 1.  The fraudulent-inducement claim is duplicative of the contract claim.

Defendant has not alleged a "[(i)] legal duty separate from the duty to perform under the contract, … [(ii)] fraudulent misrepresentation collateral or extraneous to the contract, … [nor (iii)] special damages that are caused by the misrepresentation and unrecoverable as contract damages." *See Bridgestone/Firestone, Inc. v. Recovery Credit Servs., Inc.*, 98 F.3d 13, 20 (2d Cir. 1996) (internal omitted).

Defendant's purported fraud allegations mirror the terms of the contract itself. *See* A&C, ¶¶ 6, 15-18, 23-29, 32-33, 35, 51, 54-60.  Plaintiff's pre-contractual representations about the aircraft and related services became its obligations under the contact.  But "simply dressing up [a contract] claim by further alleging that the promisor had no intention, at the time of the contract's making, to perform its obligations thereunder, is insufficient to state an independent tort claim" *Telecom Int'l Am., Ltd. v. AT&T Corp.*, 280 F.3d 175, 196 (2d Cir. 2001); *see also Hotel 71 Mezz Lender LLC v. Mitchell*, 63 A.D.3d 447, 448 (1st Dep't 2009) (party's allegations of "fraudulent inducement sound in failure to perform promises of future acts, which amounts simply to breach of contract.").

Defendant does not allege that Plaintiff made any "representation of present fact, not of future intent … collateral to" the contract. *See Deerfield Commc'ns Corp. v. Chesebrough-Ponds, Inc.*, 68 N.Y.2d 954, 956 (N.Y. 1986). "[F]raudulent inducement … can be predicated upon an insincere promise of future performance only where the alleged false promise is collateral to the contract the parties executed; if the promise concerned the performance of the contract itself, the



fraud claim is subject to dismissal as duplicative of the claim for breach of contract." *HSH Nordbank AG v. UBS AG*, 95 A.D.3d 185, 206 (1st Dep't 2012); *see also Fairway Prime Estate Mgmt., LLC v. First Am. Int'l Bank*, 99 A.D.3d 554, 557 (1st Dep't 2012) (similar).

The allegedly fraudulent statements are the complete opposite of "collateral." Instead, they concern promises to perform the contract itself – i.e., procure aircraft and perform related services. *See* A&C, ¶¶ 6, 15-18, 23-29, 32-33, 35, 51, 54-60. Cases dismissing such claims are legion. *See, e.g.*, *State Street Global Advisors Trust Co. v. Visbal*, 462 F. Supp. 3d 435, 442 (S.D.N.Y. 2020) (Party's "alleged defense for fraudulent inducement mirrors language in the parties' agreements[,] . . . is duplicative of [breach-of-contract] defense[, and] is legally insufficient."); *Greene v. Scores Holding Co., Inc.*, 456 F. Supp. 3d 580, 584 (S.D.N.Y. 2020) (dismissing fraudulent inducement for lack of specific evidence of knowing misrepresentation of present fact and as defendant never intended to perform); *Rojas v. Don King Prods., Inc.*, No. 11-cv-8468, 2012 WL 760336, at *4 (S.D.N.Y. Mar. 6, 2012) (similar); *Sony Music Entm't Inc. v. Robison*, No. 01-cv-6415, 2002 WL 272406, at *2 (S.D.N.Y. Feb. 26, 2002) ("[P]romises regarding accountings, payments and audits are consistent with the express terms of the Recording Contract, and therefore cannot be the basis for a fraud claim."); *Four Finger Art Factory, Inc. v. Dinicola*, No. 99-cv-1259, 2000 WL 145466, at *5 (S.D.N.Y. Feb. 9, 2000) (false representations inducing contract were similar to contract obligations); *Tesoro Petroleum Corp. v. Holborn Oil Co. Ltd.*, 108 A.D.2d 607, 607 (1st Dep't 1985) (similar); *Cronos Group Limited v. XcomIP, LLC*; *see also 110 E. 138 Realty LLC v. Rydan Realty, Inc.*, 210 A.D.3d 513, 514 (1st Dep't 2022) ("fraud … fails as duplicative of the contract claim, as it is based on the same facts that underlie the contract"); *Gordon v. Dino De Laurentiis Corp.*, 141 A.D.2d 435, 436 (1st Dep't 1988) ("[F]raud claim is not sufficiently stated where it alleges that [plaintiff] did not intend to perform a contract with [defendant] when … made[.]").

Similarly, Defendant fails to allege damages flowing from the alleged fraud that are separate from the breach of contract damages. *See* A&C, ¶¶ 49, 61, 74, PRAYER FOR RELIEF A. The claims are redundant and the fraud claim should be dismissed. *See, e.g., Tesoro Petroleum*, 108 A.D. 2d at 607; *Wendorf v. MCI Telecommunications Corp.*, No. 92 CIV. 1836, 1993 WL 119785, at *3 (S.D.N.Y. Apr. 12, 1993).

## 2. Defendant's fraudulent-inducement claim fails to meet F.R.C.P. 9(b) heightened pleading standards.

To satisfy F.R.C.P. 9(b), a claimant must "(1) detail the statements (or omissions) that [it] contends are fraudulent, (2) identify the speaker, (3) state where and when the statements (or omissions) were made, and (4) explain why the statements (or omissions) are fraudulent." *Eternity Global Master Fund Ltd. v. Morgan Guar. Trust Co. of N.Y.*, 375 F.3d 168, 187 (2d Cir. 2004). The fraud counterclaim does not meet any of these requirements. *See State Street Global Advisors Trust Co.*, 462 F. Supp. 3d at 438-40; *see also CBI Capital LLC v. Mullen*, No. 19-cv-5219, 2020 WL 4016018, at *8 (S.D.N.Y. July 16, 2020) (fraud claim lacked requisite particularity in terms of allegedly fraudulent statements about financiers' sophistication and ability to secure financing).

Moreover, Defendant fails to "allege facts that give rise to a strong inference of fraudulent intent, which may be established either (a) by alleging facts to show that defendants had both



motive and opportunity to commit fraud, or (b) by alleging facts that constitute strong circumstantial evidence of conscious misbehavior or recklessness." *Eternity Global Master Fund Ltd.*, 375 F.3d at 187 (internal quotations omitted). *See* A&C, ¶¶ 6, 15-18, 23-29, 32-33, 35, 51, 54-60. Indeed, Defendant's allegations of initial signs of trouble in contract performance (none of which are Plaintiff's fault) post-date the contract's execution. *See* A&C, ¶¶ 18, 23-29. "Failing to follow through on a promise does not, on its own, establish the presence of fraudulent intent." *CBI Capital LLC*, 2020 WL 4016018, at *8; *see also Eternity Global Master Fund Ltd.*, 375 F.3d at 168; *see also Wild Bunch, S.A.*, 2018 WL 1365690, at *3 ("Vendian does not plead fraudulent intent. Vendian's answer merely alleges that Wild Bunch made the [false] representations in order to induce Vendian to enter into the August 2015 agreement.").

**3. Defendant's conversion counterclaim is duplicative and must be dismissed.**

Similarly, the conversion counterclaim (*see* A&C, ¶¶ 75-79) "is legally insufficient because it merely restates a claim for damages for breach of contract, based on a failure to pay charges allegedly due and owing[.]" *Cronos Group Limited*, 156 A.D.3d at 75; *see also 110 E. 138 Realty LLC*, 210 A.D.3d at 514 (similar). Specifically, the conversion claim seeks to recover security deposits made pursuant to the contract. The conversion claim and the damages sought thereunder are thus legally indistinguishable from the breach of contract claim. *See, e.g.*, *Jakob v. JPMorgan Chase Bank, N.A.*, 639 F.Supp.3d 406, 414 (E.D.N.Y. 2022) (dismissing conversion claim as duplicative where bank failed to return wire transfer). The conversion claim should be dismissed, or withdrawn, as well.

For all the reasons asserted above, and subject to Defendant's response, Plaintiff will move to dismiss Defendant's first and third counterclaims for fraudulent inducement and conversion pursuant to the procedure set forth in the Court's Individual Practices.

Respectfully submitted,

*Justin S. Nematzadeh*

Justin S. Nematzadeh
Counsel for Plaintiff

**CC VIA ECF & EMAIL**
The Honorable Judge Victor Marrero (via ECF only)
All Counsel of Record